AO 106 (Rev. 06/09)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of California

FILED

JUL **17** 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | Case No. |
| Apple iPhone 8 cellular phone, model number: A1864 | ) | **19MJ2990** |
| | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A (incorporated herein)

located in the _____ Southern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated herein)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. 2252 & 2252A | Certain Activities Relating to Material Involving the Sexual Exploitation of Minors; Certain Activities Relating to Material Constituting/Containing Child Pornography |

The application is based on these facts:

See Affidavit (incorporated herein).

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Cristian Saenz, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___7/17/19___

_____
*Judge's signature*

City and state:  San Diego, California

Hon. Karen S. Crawford, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Cristian Saenz, being duly sworn, hereby state as follows:

### INTRODUCTION

1.     I am a Special Agent (SA) with Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in Charge (SAC) San Diego, CA, Child Exploitation Group (CEG) and affiliated with the San Diego Internet Crimes Against Children (ICAC) Task Force. I have been employed by HSI since July 2017. I have received training from the Federal Law Enforcement Training Center (FLETC) and other law enforcement agencies in the areas of child pornography investigations.  As part of my current duties, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A.  I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media including computer media. In addition, I have participated in the execution of numerous search warrants involving child exploitation and/or child pornography offenses and I am in routine contact with experts in the fields of computers, computer forensics and Internet investigations. In preparation of this affidavit, I have discussed the facts of this case with other law enforcement agents/officers within HSI and ICAC.  Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252 and 2252A, and I am authorized by law to request a search warrant.

2.     This affidavit is made in support of an application by the United States of America for the issuance of a warrant to search the following electronic device: an Apple iPhone 8 cellular phone, Model Number: A1864, IMEI: 356712081591273 ("Target Device"), currently in the possession of the Department of Homeland

1    Security, Immigration and Customs Enforcement, Homeland Security

2    Investigations, Special Agent in Charge, located at 880 Front Street, Suite 3200, San

3    Diego, California 92101), within the Southern District of California, as described

4    more fully in Attachment A, for the items described in Attachment B, which items

5    constitute evidence, fruits, and instrumentalities of violations of Federal laws,

6    namely, Title 18, United States Code §§ 2252 and 2252A.

7        3.    The facts set forth in this affidavit are based on my own personal

8    knowledge, knowledge obtained from other individuals during my participation in

9    this investigation, including other law enforcement officers, my review of

10   documents and computer records related to this investigation, communications with

11   others who have personal knowledge of the events and circumstances described

12   herein, and information gained through my training and experience. Because this

13   affidavit is submitted for the limited purpose of establishing probable cause in

14   support of the application for a search warrant, it does not set forth each and every

15   fact that I or others have learned during the course of this investigation.

16                    **FACTS IN SUPPORT OF PROBABLE CAUSE**

17       4.    On or about October 10, 2018, the Target Device was seized from

18   Jonathan PEREZ MARTINEZ ("PEREZ"), who was in possession of the Target

19   Device when arrested at the Otay Mesa, CA, Port of Entry for the importation of

20   approximately 5.56 kilograms (12.25 pounds) of cocaine and approximately 4.40

21   kilograms (9.70 pounds) of heroin, in violation of 21 U.S.C. §§ 952 and 960.

22       5.    On or about May 16, 2019, HSI SA Patrick Buchanan obtained federal

23   search warrant 19MG2014, authorized and signed by United States Magistrate Judge

24   Michael S. Berg, to conduct a forensic analysis of the Target Device for evidence of

25   violations of 21 U.S.C. §§ 952 and 960.

26

27

6.     Pursuant to the search warrant, an HSI Computer Forensics Agent (CFA) conducted a forensic examination of the Target Device and subsequently provided SA Buchanan with an evidence output hard drive for review.

7.     On or about June 24, 2019, SA Buchanan was reviewing data extracted from the Target Device and identified a video file which he believed to depict child pornography. As a result, SA Buchanan notified me of the suspect video file. On this same date, I reviewed the video file SA Buchanan suspected as being child pornography at the HSI office located at 880 Front Street, Suite 3200, San Diego, California 92101, and confirmed the video file depicted child pornography, as defined in 18 U.S.C. §§ 2256. A description of the above-mentioned video file follows:

| Title | Description |
|---|---|
| 27e3eed1-c658-41f4-8bec-9a3968a02486.mp4 | This video file depicts a clothed minor aged child, with his penis exposed, thrusting his penis into the anal area of a mule. A second prepubescent child is then depicted approaching the mule, pulling his pants down, and thrusting his exposed penis into the mule's anal area. |

8.     As a result of my training and experience in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the receipt, distribution and possession of child pornography.

a.    These individuals may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasizing while viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

b.    These individuals may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, video tapes, books, sliders and/or drawings or other visual media. These individuals often use these materials for their own sexual arousal and gratification. Furthermore, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c.    These individuals often maintain their digital or electronic collections of child sexual exploitation images in a safe, secure, and private environment, such as on cellular telephones. These collections are often maintained for several years and are kept close by, usually at the individual's residence, on his or her person, or in his or her vehicles, to enable the individual to view the collection, which is valued highly.

d.    These individuals also may correspond with and/or meet others to share information and materials; are rarely able to completely destroy correspondence from other child pornography distributors/collectors; conceal correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

e.    These individuals prefer not to be without their child sexual exploitation images for any prolonged time period. Collectors will take their collection with them if they change residences, as the collection is considered to be a prized possession. This behavior has been documented by law enforcement officers

1   involved in the investigation of child pornography throughout the world. That said,
2   there are individuals with a sexual interest in children who download and view
3   digital images of child sexual exploitation and delete them in order to avoid detection
4   by law enforcement or other people. However, even in cases where these images are
5   deleted, or concealed via encryption software, forensic examiners can use
6   specialized tools to recover the deleted files or access encrypted files.

7            f.      These individuals often use specialized software to conceal the
8   existence of evidence and/or destroy said evidence. There are a variety of different
9   programs that an individual can use to accomplish these objectives, many of which
10  are free. Additionally, these individuals have been known to store child pornography
11  in unconventional physical locations, as well as in unusual digital locations on
12  computers and cellular phones. These files and folders, or applications, have been
13  misnamed or renamed in an attempt to mislead investigators.

14           g.      These individuals will often download and store images of
15  children they know or with whom they have communicated, as well as their
16  communications with those children. The images may not necessarily be
17  pornographic or obscene in nature; however, they are often used for the individuals'
18  sexual gratification.

19      9.      Based upon the facts set forth in this Affidavit, it is believed that
20  PEREZ, the owner and user of the Target Device, has a sexual interest in children
21  and is likely to exhibit the common characteristics of someone involved in the receipt
22  and possession of child pornography, as described above. Specifically, a CFA
23  located one video file depicting minors engaged in sexually explicit conduct on the
24  Target Device found in PEREZ's possession at the time of his arrest, such that it is
25  likely that additional evidence of violations of 18 U.S.C. §§ 2252 & 2252A will be
26  found on the Target Device.

27

**PROCEDURES FOR ELECTRONICALLY STORED INFORMATION AS**
**TO ANY CELLULAR TELEPHONE**

10.     It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device.  For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired.  For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography.  This process is time and labor intensive and may take weeks or longer.

11.     Following the issuance of this warrant, law enforcement personnel will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search

6

protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

12.     Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## GENUINE RISK OF DESTRUCTION OF DATA

13.     Based upon my experience and training, and the experience and training of other Agents with whom I have communicated, it is not uncommon for technically sophisticated criminals to use encryption, programs to destroy data that can be triggered remotely or by a pre-programmed event or keystroke and sophisticated techniques to hide data.   In this case, the Target Device is in the possession of law enforcement such that there is minimal risk of destruction of data on the phone.

## PRIOR ATTEMPTS TO OBTAIN DATA

14.     The United States previously obtained a forensic image of the Target Device to search for evidence of violations of 21 U.S.C. §§ 952 and 960. To the extent that forensic image was complete, agents will rely upon that forensic image to conduct the search and seizure sought herein. The United States has not attempted to obtain this data by other means.

//
//
//
//
//
//
//

7

1

## CONCLUSION

2      15.     Based on the aforementioned factual information, I respectfully submit

3   that there is probable cause to believe that evidence, fruits, and instrumentalities of

4   violations of 18 U.S.C. §§ 2252 and 2252A may be found on the Target Device,

5   described in Attachment A. I, therefore, respectfully request that the attached

6   warrant be issued authorizing the search and seizure of the items listed in Attachment

7   B.

8

9

10                                        Cristian Saenz, Special Agent
                                          Homeland Security Investigations
11

12   Subscribed and sworn before me this ___17th___ day of July 2019.

13

14
                                          Hon. Karen S. Crawford
15                                        United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

8

## ATTACHMENT A
## PROPERTY TO BE SEARCHED

The following property is to be searched:

> Apple iPhone 8 Cellular Phone
>
> Model Number: A1864
>
> IMEI: 356712081591273
>
> (Target Device)

The Target Device is currently in the possession of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, Special Agent in Charge located at 880 Front Street, Suite 3200, San Diego, California 92101.

1
2

**ATTACHMENT B**
**ITEMS TO BE SEIZED**

3      Authorization to search the Target Device described in Attachment A includes
4  storage devices, such as SIM cards or memory devices attached to, inserted in or
5  seized with the device. The Target Device will be searched and seized in accordance
6  with the "Procedures For Electronically Stored Information as to Any Cellular
7  Telephone" provided in the affidavit and submitted in support of this warrant. The
8  following data will be seized only to the extent that it contains evidence of violations
9  of 18 U.S.C. §§ 2252 and 2252A, such as communications, records, or data,
10  including emails, text messages, photographs, audio files, videos, or location data:

11              a. tending to indicate efforts to send, receive, or possess child
12                    pornography, as defined by 18 U.S.C. § 2256;

13              b. tending to identify other facilities, storage devices, or services–such
14                    as email addresses, IP addresses, phone numbers–that may contain
15                    electronic evidence tending to indicate efforts to send, receive,
16                    possess or access child pornography as defined by 18 U.S.C. § 2256;

17              c. tending to identify co-conspirators, criminal associates, or others
18                    involved in the distributing, receiving, possessing, or accessing
19                    child pornography as defined by 18 U.S.C. § 2256;

20              d. tending to identify the user of, or persons with control over or access
21                    to, the subject phone; or

22              e. tending to place in context, identify the creator or recipient of, or
23                    establish the time of creation, receipt or modification of
24                    communications, records, or data above.

25
26
27